177 A.3d 754

IN THE MATTER OF BARRY J. BERAN, AN ATTORNEY
AT LAW (ATTORNEY NO. 019301980)

D–72 September Term 2017
080604

January 31, 2018—Corrected January 31, 2018

## CORRECTED ORDER

This matter have been duly presented pursuant to Rule 1:20–10(b), following a granting of a motion for discipline by consent in DRB 17–360 of **BARRY J. BERAN** of **CHERRY HILL,** who was admitted to the bar of this State in **1981;**

And the Office of Attorney Ethics and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent violated RPC 1.15(a)(negligent misappropriation of trust funds and commingling of funds), RPC 1.15(d) and Rule 1:21–6 (recordkeeping violations);

And the parties having agreed that respondent's conduct violated RPC 1.15(a), RPC 1.15(d) and Rule 1:21–6, and that said conduct warrants a three-month suspension from practice;

And the Disciplinary Review Board having determined that a three-month suspension is the appropriate discipline for respondent's unethical conduct and having granted the motion for discipline by consent in District Docket No. XIV–2016–0410E;

And the Disciplinary Review Board having further determined that respondent should be required to submit monthly reconciliations of his attorney accounts to the Office of Attorney Ethics on a quarterly basis for a period of two years;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with Rule 1:20–16(e);

And good cause appearing;

It is ORDERED that **BARRY J. BERAN** of **CHERRY HILL** is hereby suspended from the practice of law for a period of three months, effective March 1, 2018, and until the further Order of the Court; and it is further

ORDERED that respondent shall submit monthly reconciliations of his attorney accounts to the Office of Attorney Ethics on a quarterly basis for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent comply with Rule 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to Rule 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d); and (3) provide a basis for an action for contempt pursuant to Rule 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20–17.